UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CHRISTOPHER RICK MONTEZ,**

    *Plaintiff*,

v.                                                                    **Case No. SA-23-CV-1494-JKP**

**FBI,**

    *Defendant*.

## ORDER DISMISSING ACTION
## AND CLARIFYING PRIOR SANCTION

Defendant removed this action to federal court on December 6, 2023. *See* Notice of Removal (ECF No. 1). After the original judge recused himself, the case was randomly reassigned to the undersigned on December 18, 2023. *See* ECF No. 3. As Defendant points out in the Notice of Removal, Plaintiff is a vexatious litigant who this Court has enjoined from filing civil suits in the Western District of Texas without first obtaining permission from a judge of the Western District. *See Montez v. U.S. Fed. Courthouse*, No. SA-22-CV-01301-JKP, 2023 WL 2072416, at *2 (W.D. Tex. Feb. 17, 2023), *appeal dismissed*, No. 23-50278, 2023 WL 7141114 (5th Cir. Aug. 7, 2023).

Plaintiff has not sought or obtained the required permission. At the very least, he has not shown that he has done so. Perhaps he believes that the prefiling injunction does not apply to actions removed from state court. To the extent that the sanction needs clarification as to removed actions, the Court hereby specifically states that pre-filing injunctions, like the one imposed against Plaintiff, apply to all actions filed in or removed to federal court. Indeed, such a sanction also applies to actions that are transferred to this Court from another federal court. To find otherwise would defeat the purpose of the sanction.

To the extent that Plaintiff lacked notice that the pre-filing injunction would apply to a removed case, the Court considers his state complaint as an implicit request for permission. He sues the Federal Bureau of Investigation ("FBI") for its failure to investigate a case brought to it by the Plaintiff. As filed in state court and removed to this Court, Plaintiff's complaint fails to provide a basis for granting Plaintiff permission to file it.

Plaintiffs who cannot file a civil action without leave of court have the "burden to persuade the Court that it should allow [a] proposed filing to commence a new civil action." *Silver v. City of San Antonio*, No. SA-19-MC-1490-JKP, 2020 WL 3803922, at *1 (W.D. Tex. July 7, 2020). In general, sanctioned litigants must

> show that the claims sought to be asserted have sufficient merit; that each defendant is properly included in the litigation; that the proposed filing is both procedurally and legally sound; that there is no obvious defense to asserted claims; that the claims are not brought for any improper purpose, such as harassment; and that the motion for leave as well as the proposed pleading complies with all relevant requirements set out in prior sanctions.

*Id*. It lies within "the Court's sound discretion" as to grant or deny requested leave. *Id*.

> While a given case may present particularly egregious facts or a legal issue that warrants granting leave to preserve the legitimate rights of the individual seeking leave, courts are well within their considerable discretion to deny leave for procedural infirmities such as a failure to exhaust, apparent untimeliness, and issues with venue or joinder. Naturally, a court may deny leave on more substantive reasons, such as assertion of claims that are merely conclusory, lack merit, or lack sufficient facts to adequately determine whether the claim has merit. A sanctioned individual has no legitimate right to pursue a procedurally defective complaint or one that contains claims that lack a sufficient factual basis to survive screening or a motion to dismiss. A sanctioned individual has no legitimate right to sue defendants without allegations showing their personal involvement.
>
> . . .
>
> An individual who has abused the judicial process to such an extent as to receive the harsh sanction of judicial preapproval for future actions has no basis to complain if the reviewing court or judge expects procedural compliance in all or nearly all respects, proper venue for the action, proper joinder of parties and claims, non-conclusory factual allegations, and a statement of facts sufficient to survive statutory screening and a motion to dismiss. If significant factual development appears

> warranted to survive screening, such need may of itself provide a basis for denying leave to file, although it remains within the discretion of a particular reviewing judge to provide an opportunity for further factual development. Furthermore, given the nature of a prefiling injunction, merely satisfying the minimal requirements to survive screening or a motion to dismiss may not always carry a sanctioned litigant's burden to persuade the Court that it should permit a proposed action to be filed.

*Id*. at *6.

In this case, Plaintiff asserts a failure-to-investigate-claim against the FBI. But the FBI is not a proper defendant for such a claim. *See Frazier v. F.B.I.*, 901 F. Supp. 217, 218 (E.D. La. 1995). Accordingly, even considering Plaintiff's state filing as an implicit request for permission to file the case, the Court finds no basis to grant Plaintiff leave to leave his complaint. The Court thus **DENIES** Plaintiff permission to file this action and **DISMISSES** this action for his failure to obtain such permission. To the extent prior sanctions require clarification, the Court hereby **ORDERS**:

To procedurally comply with the pre-filing injunction imposed against him, Plaintiff shall attach any proposed civil complaint to a motion for leave to file a new civil action. Commencing a new federal civil action includes the transfer of cases between federal courts and the removal of a state case to federal court whether the removing party is Plaintiff, or a state defendant sued by him. If Plaintiff attempts to file any such action or motion for leave, the receiving court may accept it as a civil or miscellaneous case in accordance with the court's normal operating procedures. Even if Plaintiff satisfies the above procedural conditions, it remains within the discretion of the court to deny him leave or permission to pursue the litigation. In other words, compliance with the conditions set out in this paragraph is merely a factor to consider when a court addresses whether to permit Plaintiff to proceed with a civil action. This clarification does not limit or eliminate the existing prefiling injunction imposed against Plaintiff or any other sanction imposed against him.

In the event that the Court receives a new civil action from Plaintiff (whether directly or indirectly through removal or transfer) without a proper motion for leave, the Clerk of Court is **DIRECTED** to docket the filing for administrative purposes only and to immediately close the case, after placing a copy of this order in the case file. The Court will not otherwise address or acknowledge new cases that are unaccompanied by a motion for leave.

**IT IS SO ORDERED this 20th day of December 2023.**

*[signature: Jason Pulliam]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**